PHILIP HUFF *v.* SARAH A. FREEMAN et al.

In a suit to render a married woman personally liable on a note signed by her, with her husband, on the ground that the consideration inured to her seperate benefit, the plaintiff has a right to propound interrogatories to the wife on that point, although the amount of property coming to her children ultimately may be affected by her indebtedness or discharge.

APPEAL from the District Court of East Feliciana, *Ratliff*, J.
*J. O. Fuqua*, *D. C. Hardee* and *John McVea*, for plaintiff and appellant. *J. H. Muse* and *Bowman & Delee*, for defendants.

SPOFFORD, J. The plaintiff has brought a two-fold action; first for a personal judgment against *Sarah A. Freeman, Z. Freeman* and *M. G. Gaulden*, upon certain promissory notes; and, secondly, to annul a judgment and partition, and thus subject certain property claimed by the three defendants, children of *Mrs. Freeman* to the payment of the debt.

The last branch of the case has been suspended by agreement, and is as it were, another and an independent action.

The only suit now on trial is as to the personal liability of *Mrs. Sarah A. Freeman* upon a note which she admits she signed.

The plaintiff avers that the consideration thereof enured to her separate benefit, and that she, though a married woman at the time, is, therefore, liable.

She specially denies that the consideration did enure to her benefit, and on that issue she had a verdict and judgment in her favor.

From this particular decree the plaintiff has appealed, and he contends that he is entitled to a personal judgment against *Mrs. Freeman*, which he was prevented from getting, by the refusal of the District Judge to allow him to interrogate her *on that point alone.*

We think the court erred. She was not called as a witness for or against her children, and the Article 2260 of the Civil Code, and the cases cited by appellee, do not apply. She is interrogated as a party, and solely for the purpose of fixing a personal liability upon herself; it is quite well settled that the answers of a party to interrogatories bind him alone, and do not affect the rights of his co-defendants. *As to herself*, Mrs. Freeman's answers would be competent even upon this branch of the case in which her children are interested, to wit the validity of the judgment and partition; but she is not interrogated as to that part of the case; she is only

asked as to the consideration of a note she admits she signed, and the only direct effect of her answer would be to release or bind herself. That the amount of property coming to her children may *ultimately* be affected by her indebtedness or discharge, cannot deprive her creditors of the right to probe her conscience ; otherwise no person who has ascendants or descendants could be interrogated on facts and articles to fix a pecuniary liability upon him.

The case of *Rachel v. Rachel*, 5 An. 500, recognises the right of a plaintiff, who has made a mother and her son co-defendants in a suit to set aside a disguised donation, to put interrogatories to the mother upon the whole case with the qualification that her answers can only affect herself.

It is, therefore, ordered that the judgment of the District Court be avoided and reversed ; and it is further ordered that the cause be remanded to procure the answers of *Mrs. Freeman* to the interrogatories propounded to her by the plaintiff, and to be otherwise proceeded in according to law, the costs of this appeal to be borne by the defendants and appellees.

MERRICK, C. J., recused himself, having been of counsel.